James F. JOHNSON, Appellant

v.

UNITED STATES of America,
Appellee.

No. 14955.

United States Court of Appeals
District of Columbia Circuit.

Argued June 24, 1959.

Decided July 16, 1959.

Mr. Samuel F. Ianni, Washington, D.
C. (appointed by this court) for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty.,
with whom Messrs. Oliver Gasch, U. S.
Atty., and Carl W. Belcher, Asst. U. S.
Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON
and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was tried, convicted and sentenced in the District Court under an indictment charging two counts of robbery.
As his sole ground for appeal he urges
that the Juvenile Court improperly
waived its jurisdiction and, therefore,
that he could not be tried in the District
Court because he had been previously
placed in jeopardy in the Juvenile Court.
The District Court held there was no
double jeopardy. The record in the Juvenile Court shows as follows: [1]

| "DATE | COURT CLERK'S MEMORANDUM | JUDGE |
|---|---|---|
| 8-15-58 | Complaints filed. | |
| 8-21-58 | Petition filed, sworn to by A. Finley, Jr., Juvenile Bureau. | |
| 8-22-58 | Mother present. Mother and boy waive right to Counsel. Boy *denies* being involved. Case continued for determination as to whether Court will waive jurisdiction to the U. S. District Court. Boy remanded to D. C. Receiving Home in Case 25-885-J | O. W. Ketcham Per OMY |
| 8-29-58 | Court waived jurisdiction to U. S. District Court.[2] | O. W. Ketcham Per ......" |

1. Appellant was seventeen and a half
years of age when he appeared in the
Juvenile Court.

2. "11–914 [D.C.Code (1951)]. *Waiver
of jurisdiction in case of felony—
Transfer of case.* If a child sixteen

**770**

Assuming, without deciding, that jeopardy attaches in Juvenile Court proceedings, clearly it could not attach here. Those proceedings ended with the boy's denial of involvement, and no further proceedings were commenced to determine whether or not he was so "involved."

The judgment of the District Court is Affirmed.

years of age or older is charged with an offense which would amount to a felony in the case of an adult, or any child charged with an offense which if committed by an adult is punishable by death or life imprisonment, the judge may, after full investigation, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such other court may exercise the powers conferred upon the juvenile court in this Act in conducting and disposing of such cases."